## DUNCAN v
## MAHONING SAVINGS AND TRUST CO et

Ohio Appeals, 7th Dist, Mahoning Co

No 2448. Decided April 15, 1938

James J. Boyle, Youngstown, for appellant.
Kisler & Ceach, Youngstown, for appellee.
The Mahoning Savings & Trust Co.

### OPINION

By BENNETT, J.

The appellant filed an action in partition in the Common Pleas Court, Mahoning County, alleging that she was "seized in fee simple as one of the heirs at law and under the will of Catherine Miller, deceased, of an undivided one-eighth (1-8) part of" Youngstown City lot No. 11262. She made parties defendant her six living brothers and sisters, all children of Catherine Miller; Hannah Miller, the widow of the plaintiff's deceased brother, Henry Ralph Miller; and the Ma-

honing Savings & Trust Company, which had been appointed administrator, with the will annexed of the estate of Catherine Miller upon the death of Henry Ralph Miller, the original executor. Three of the defendants joined in the prayer of the petition, four of them filed no answer, and the Mahoning Savings & Trust Company, as administrator, filed an answer denying that the plaintiff was seized of any part of the real estate or was entitled to partition and setting up as a defense a provision in the will of Catherine Miller that the land be sold by the executor.

By a reply the plaintiff alleged that no power to sell was conferred on the Mahoning Savings & Trust Company by the will of Catherine Miller, but that such right was conferred only on the executor, now deceased; that said corporate administrator has at no time sought or attempted to dispose of the real estate; that the debts of the decedent, Catherine Miller, have all been paid; and that no one now had any interest in the land other than the eight heirs at law, all parties to this proceeding.

The case was tried upon an agreed statement of facts which was carried into the journal entry of the Court of Common Pleas. That court found against the plaintiff on the ground that the will of Catherine Miller provided that the property should be sold by her executor and the proceeds divided between the beneficiaries, including a trustee for two sons. The trial court added that if there were any dereliction on the part of the administrator in carrying out the provisions of the will, the Probate Court would be the proper forum to which to apply to compel the performance of such duties.

The case is appealed on questions of law. We agree with the conclusion of the trial court. The argument of the appellant concedes that in the first instance the will of Catherine Miller affected a "conversion" of this land into personal property by reason of the instruction of the testatrix that the land be sold by her executor and the proceeds divided. Her counsel argues, however, that a "reconversion" has occurred by reason of the failure of the fiduciaries to act for some fourteen years and the unanimous consent of the interested beneficiaries to look upon the land as real estate and consent to its partition as such. The argument calls attention to the fact that the executor named in the will is now deceased, and that there is no provision in the will giving to a successor administrator the powers conferred upon the executor and further as-

serts, that in the absence of a device of the land in the will, its legal title had descended to the eight heirs, subject only to such powers as the representative might have to take it away from them, and that legal title on which to base a partition action is consequently now in the eight heirs at law.

Whatever might be the situation if all of the holders of such legal title were parties and agreed to the partition, we believe that the provision of the will creating a trust of the shares of George Miller and of David Miller prevents a partition in this action. Whatever may have been her reason, the testatrix clearly provided that these two sons should not get their share outright but that the same should be held, invested and controlled during their lives by a trustee and the income and principle expended by the trustee, as in his uncontrolled discretion he saw fit, for their support and maintenance. This trust was not a "dry" trust which could be terminated by action of the beneficiary alone.

Since the death of the named trustee there has in fact been no trustee appointed or acting. But this will not put complete legal title in the two beneficiaries. It may be that the bank has been acting without authority and as if it were trustee of these two shares. Proper action may be easily taken to correct any situation of this sort. But until a trustee has been qualified and appointed, there is no one lawfully qualified to act for the shares of David Miller and George Miller, either as a necessary party to a partition action or as one who could assent to a "reconversion" of the conversion of this parcel from realty to personalty which was effected by the will of Catherine Miller. As stated in the authorities cited in the appellant's brief, such an election by the beneficiaries to reconvert must be unanimous. 6 R.C.L. p. 1091. And §12028 GC, requires the naming as a necessary party defendant in a partition action, each tenant in common of the land in question. Whether this land is to be regarded as real estate or as personalty, we believe that legal title to the interest of David Miller and George Miller was not in them but would be in their trustee. If, as is asserted by the appellant, this land has now been reconverted to real property, its title is presumably in the custody of the law awaiting appointment and qualification of a trustee, who would be a necessary party to a partition action.

We do not here determine how much of the discretion vested in the executor by the testatrix, as to terms of sale is now vested in the administrator with the will an-

264

nexed, or whether approval of the Probate Court will or will not be a necessary procedure. Suffice it here to say that the will requires that the land be sold by the fiduciary and that two of the eight shares be held in trust.

In common with the trial court, we here suggest that if the administrator is in any wise lacking in performance of its duties, or has gotten into fields where it does not belong there are adequate remedies other than partition, open to any interested person desiring to correct the situation.

Judgment affirmed.

NICHOLS, PJ, and CARTER, J, concur.